**In re Anonymous No. 39 D.B. 88**

Disciplinary Board Docket no. 39 D.B. 88.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

McGINLEY, *Member*, November 28, 1988 — Pursuant to rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendation to your honorable court with respect to the above-captioned petition for discipline.

## HISTORY OF PROCEEDINGS

On August 27, 1987, respondent was charged with four counts of willful and knowing failure to file income tax returns for the calendar years 1982 through 1985, in violation of 26 U.S.C. §7203. On that date respondent appeared and pleaded guilty to counts 1 and 2. Respondent was sentenced to imprisonment for a period of one year, to be suspended after service of 10 days in a local jail, and a probation for a period of five years, "during which time he will undergo appropriate medical, psychological and psychiatric guidance in accordance with the approval of a probation officer."

As a result of this sentence, Disciplinary Counsel filed a petition for discipline on May 3, 1988. The violations alleged in the petition were:

(A) D.R. 1-102(A)(4) — dealing with conduct involving dishonesty, fraud, deceit, or misrepresentation;

(B) D.R. 1-102(A)(6) — dealing with conduct that adversely reflects on fitness to practice law.

In addition, the conviction of respondent for a crime punishable by imprisonment for one year or more constitutes independent grounds for discipline under rule 203(b)(1), Pa.R.D.E.

Subsequently, Hearing Committee [ ], consisting of [ ], convened and heard the evidence on June 1, 1988.

At the hearing, petitioner and respondent entered a stipulation which was received into evidence admitting that the convictions constituted independent grounds for discipline under rule 203(b)(1), Pa.R.D.E., whereupon the hearing committee made a finding that a prima facie violation of rule 203(b)(1) had been established and the hearing proceeded under rule 89.151 to receive evidence of the type of discipline to be imposed.

Hearing Committee [ ] filed its report on August 8, 1988, recommending a suspension for a period of one year, beginning from April 29, 1988.

Both petitioner and respondent filed briefs on exceptions to the report of Hearing Committee [ ]. Petitioner filed its brief on exceptions on August 29, 1988, citing the fact that the hearing committee failed to address violations of D.R. 1-102(A)(4) and 1-102(A)(6).

Respondent's brief on exceptions was filed September 2, 1988. His brief stated that the hearing committee's recommendation for discipline was excessive in that it failed to consider mitigating circumstances and the eight-month delay in the suspension of respondent by the Supreme Court.

These matters were referred to the board and were adjudicated on October 11, 1988.

## FINDINGS OF FACT

(1) Respondent was born May 28, 1937, and has resided for most of his life in the [   ] area of Pennsylvania. He is a graduate of [   ] Law School and has practiced law in the city of [   ] since his admission in 1965.

(2) Respondent is married and is now separated. He lost his only son in an automobile accident which occurred in May 1978. Respondent suffered significant impairment of his ability to function in a normal manner.

(3) Respondent had not filed a federal tax return for the fiscal years 1977 through 1987.

(4) Respondent had not filed tax returns to the Commonwealth of Pennsylvania for the fiscal years 1977 through 1987.

(5) During the fiscal years 1977 through 1987 respondent earned sufficient gross income to require the filing of tax returns under both state and federal law.

(6) Since his son's death, respondent has undergone a series of depressive periods during which he has been unable to function in the face of stress. One of the most pronounced symptoms had been his inability to maintain adequate financial records to prepare or file income tax returns for the past 10 years.

(7) Respondent's failure to file tax returns in no way was based upon self-enrichment, but rather was the result of his severe depression and inability to face the problem.

(8) Since the death of his son, respondent has faced repeated emotional events which included the litigation arising from the accident, the criminal proceedings instituted against him, and the suspension of his privilege to practice law.

(9) On or about June 24, 1987, respondent undertook therapy with [A], outpatient therapist at the [ ] Mental Health Clinic, and has continued such therapy to the present.

(10) [A] testified that respondent had suffered from depression, was anxious and angry and he has been diagnosed as "an adjustment reaction with mixed emotional features."

(11) [B], Esq., shares office space with respondent and considers him competent to practice law, provided he limits himself to areas that do not create anxiety.

(12) Respondent is a co-defendant in a civil action filed by a former client alleging negligent representation permitting the running of a statute of limitations.

(13) A lien has been filed against respondent by the Commonwealth of Pennsylvania, Department of Revenue, at no. [ ] of 1986, [ ] County, in the amount of $296.77, including principal and interest, which is unsatisfied.

(14) Respondent takes Valium and Prednisone under prescription.

(15) The record reveals no other arrests or prosecution of respondent in the past 10 years.

## DISCUSSION

The pleadings and stipulation of the parties establish a prima facie violation of rule 203(b)(1), Pa.R.D.E. The sole issue before the board is the nature of the final discipline to be recommended.

Respondent presented mitigating evidence wherein he ascribed his conduct to the emotional upheaval he experienced resulting from the tragic death of his only son in an automobile accident which occurred in May 1978. He testified that the effects of the tragedy ultimately led to his separation

from his wife and the gradual decline of his physical and mental health. He testified that he was unable to react to situations of stress or to organize his personal or fiscal affairs in any meaningful way. These circumstances had resulted in a steady decline in his professional practice. The matter of most obvious consequence was his failure to prepare or file state or federal income tax returns for the period 1977 through 1987, which ultimately resulted in his criminal sentence leading to his suspension by the Supreme Court of Pennsylvania.

The board gives full credence to his explanation of the devastating effects of his son's death. The function of the board, however, must be to balance those circumstances with respondent's duties and obligations as an attorney serving the public and as a representative of his profession. Respondent admits that he has had to gradually limit his practice because of his inability to cope with the problems and stress associated with many areas of the practice of general law. In addition, he admits that there are frequent occasions when he is simply unable to be present in his office or even to open his mail. It is difficult to conceive how respondent can effectively deal with the public and protect the interests of his clients given these admitted circumstances.

Respondent's position is that he has done nothing based upon hope of personal gain and that he has been adequately punished by reason of his imprisonment, suspension, embarrassment and financial impoverishment. He believes that he is now at a point where he should be permitted to resume his status as an attorney, although he is not sure that he wishes to continue the practice of law.

The record reveals that throughout this 10-year period of non-payment of taxes respondent has not sought advice or assistance with regard to his tax

difficulties, nor has he consulted a psychiatrist or psychologist for therapy. He repeatedly acknowledges his awareness throughout the period of his inability to cope with his emotional problems, but offers no significant explanation for not seeking assistance.

He has, pursuant to the sentence of the court, undergone psychological therapy since June 24, 1987, as a non-paying outpatient. His therapist testified that he is attempting to have respondent focus on his problem (i.e. the death of his son) and thereby relieve his depression and anxiety. Further, respondent was diagnosed in September 1987 as "an adjustment reaction with mixed emotional features" by the staff psychologist. It is evident from the testimony that respondent's difficulties merit his continuing his therapy.

Respondent's admitted neglect in addressing the failure to file an income tax return for fiscal year 1987, coupled with his admission that he has currently curtailed the scope of his law practice, indicates that respondent has not resolved his emotional problems and is not, at this time, in a position to practice law.

Lastly, in most matters where failure to file income tax returns was involved, a suspension was generally recommended, usually for a three-month period. These cases include, but are not limited to: *In re Anonymous no. 53 D.B. 81,* 21 D.&C. 3d 673 (1982); *In re Anonymous no. 71 D.B. 84,* 35 D.&C. 3d 120 (1985), and *In re Anonymous no. 68 D.B. 85,* 41 D.&C. 3d 480 (1986). In light of the fact that respondent is currently serving a probation sentence, a suspension for three months and one day is deemed appropriate, given the circumstances.

## RECOMMENDATION

Based on the foregoing discussion, the Disciplinary Board of the Supreme Court of Pennsylvania recommends that respondent, [   ], be suspended from the practice of law for a period of three months and one day. The board further recommends that, pursuant to rule 208(g), Pa.R.D.E., respondent be directed to pay the necessary expenses incurred in the investigation and prosecution of this proceeding.

Mr. Schwartzman did not participate in the adjudication.

## ORDER

And now, March 28, 1989, upon consideration of the Disciplinary Board's report and recommendations dated November 28, 1988, and supplemental report and recommendation dated December 15, 1988, it is hereby ordered that [respondent] be and he is suspended from the bar of this commonwealth for a period of three months and one day, retroactive to April 29, 1988, and he shall comply with all the provisions of rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to rule 208(g), Pa.R.D.E.

Mr. Justice Larsen would enter an order suspending respondent for three months.